# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

KEREEM RANDOLPH

    Plaintiff,

v.                                   Case No. 2:20-cv-00282

OFFICER MR. JOHNSON,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    PROCEDURAL HISTORY

On April 17, 2020, Plaintiff filed a complaint alleging that Defendants failed to properly treat his high heart rate/blood pressure on March 15, 2020. (ECF No. 1). On June 30, 2020, the undersigned entered an Order and Notice granting Plaintiff's Application to Proceed without Prepayment of Fees and Costs. (ECF No. 4). The same Order and Notice notified Plaintiff of his obligation to keep the court and Defendants updated on any changes to his contact information, including his release from custody. (*Id.* at 2). The Order and Notice further notified Plaintiff that the failure to comply therewith would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the

Federal Rules of Civil Procedure. (*Id.*)

On September 15, 2020, the undersigned submitted a Proposed Findings and Recommendation ("PF&R") recommending the dismissal of the South Central Regional Jail as a non-suable defendant. (ECF No. 5).[1] That same date, the undersigned directed the issuance of a summons for Defendant Johnson, a correctional officer who allegedly failed or refused to contact medical personnel or take Plaintiff to the medical unit on the date in question. (ECF No. 6). Although it appears that Defendant Johnson was personally served with process by the United States Marshals Service (ECF No. 7), he failed to file a responsive pleading. Nonetheless, Plaintiff did not seek the entry of default and has not taken any further action in this matter or communicated with the court in any way since he filed his complaint. Moreover, it appears that Plaintiff was released from custody and his current whereabouts are unknown. He did not comply with the court's order to update his contact information.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution;

---

[1] The undersigned's PF&R was adopted by the presiding District Judge, without objection thereto, on November 17, 2020. (ECF No. 9).

(3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Due to Plaintiff's failure to update his contact information, as ordered, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter lies with Plaintiff; and dismissal, as warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

### III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last provided address.

April 6, 2023

Dwane L. Tinsley
United States Magistrate Judge